UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA L WHITE, | ) |
|               Plaintiff, | ) |
| v. | ) No. 1:21-cv-01833-JPH-DLP |
| UNITED STATES OF AMERICA, | ) |
|               Defendants. | ) |

**ORDER DENYING MOTION TO DISMISS**

Brenda White filed this lawsuit in state court against Dr. Peter Kim and Southeast Health Center. The complaint alleges that Dr. Kim inappropriately touched Ms. White and provided negligent medical care that caused her to experience an allergic reaction. The case was removed to this Court, and the United States was substituted as the sole defendant under the Federal Tort Claims Act (FTCA). The United States has filed a motion to dismiss the case, arguing that Ms. White failed to exhaust her administrative remedies under the FTCA. Dkt. [8]. For the reasons that follow, that motion is **DENIED.**

## I.
## Facts and Background

Because Defendant has moved for dismissal under 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Scott Air Force Base Props., LLC v. Cty. of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008).

1

Ms. White alleges that "Dr. Kim touched [her] inappropriately" while he was treating her at Southeast Medical Center. Dkt. 6 at 1. Later, Ms. White returned to Dr. Kim because she "needed help again, and there was no one else who could see" her. *Id.* Dr. Kim prescribed Ms. White penicillin despite knowing that she was allergic. *Id.* She took the drug and suffered an allergic reaction. *Id.* She made another appointment and asked why he would prescribe penicillin despite her allergy, and he responded that "sometimes people who used to be allergic are not allergic anymore." *Id.* Ms. White reported her experiences with Dr. Kim "to the health center" but nothing was done. *Id.*

Ms. White filed this lawsuit against Dr. Kim and Southeast Health Center in Marion County Superior Court on April 8, 2021. Dkt. 1. Defendants later removed to this Court under 42 U.S.C. § 233(c), supported by a proper written certification from the U.S. Attorney for this district. Dkt. 5; *see* 42 U.S.C. § 233(a), (c) (authorizing removal "[u]pon certification by the Attorney General that the defendant was acting within the scope of his employment" as an employee of the federal Public Health Service); *see also* 28 C.F.R. § 15.4(a) (authorizing U.S. Attorney for the relevant district "to make the statutory certification that [a] Federal employee was acting within the scope of his office or employment" at the time of the incident giving rise to a lawsuit). The United States then filed a notice of substitution to replace Dr. Kim and Southeast Health Center under 42 U.S.C. § 233(a). Dkt. 7. This motion was granted, and the United States is now the sole defendant. Dkt. 11.

The United States then filed this motion to dismiss under Rule 12(b)(6) arguing that Ms. White has failed to exhaust her administrative remedies as required by the FTCA. Dkt. 9; *see* 28 U.S.C. § 2675(a).

## II.
## Applicable Law

A defendant may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under that standard, a plaintiff must provide "some specific facts" that "raise a right to relief above the speculative level." *McCauley*, 671 F.3d at 616 (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Applying the procedural pleading requirements to the applicable substantive law is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 616.

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.*

### III.
### Analysis

"The FTCA makes the United States liable for the torts of its employees 'in the same manner and to the same extent as a private individual under like circumstances.'" *Love v. United* States, 17 F.4th 753, 755 (7th Cir. 2021) (quoting 28 U.S.C. § 2674). Under the FTCA, a tort action cannot be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675. If a litigant fails to exhaust her administrative remedies prior to filing suit against the United States, the suit must be dismissed. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (affirming dismissal of lawsuit against the Public Health Service because lawsuit was filed four months *before* denial of administrative claim). "A claim has been presented to a federal agency once the plaintiff" meets the following "four elements: (1) notification of the incident; (2) demand for a sum certain; (3) title or capacity of the person signing; and (4) evidence of the person's authority to represent the claimant." *Chronis v. United States*, 932 F.3d 544, 546 (7th Cir. 2019).

The United States argues that Ms. White's lawsuit should be dismissed because she failed to exhaust her administrative remedies under the FTCA

before filing this lawsuit. Dkt. 9 at 1. Specifically, the United States contends that Ms. White has not filed an administrative tort claim with the Public Health Service and has not received a written denial. Dkt. 9 at 5. In response, Ms. White reiterates and expands on the factual allegations in her complaint and argues that she has reported these matters several times without success. *See* dkts. 18, 19, 21.

Ms. White's lawsuit is "an action or proceeding brought against the United States." Dkt. 11. She therefore must have filed an administrative tort claim with the relevant federal agency—here, the Public Health Service—and received a written or constructive denial of her claim before filing this lawsuit. *See* 28 U.S.C. § 2675(a); dkt. 5 (certifying that Dr. Kim and Southeast Health Center are deemed by statute to be employees of the Public Health Service). Further, her tort claim must contain a clear request for monetary compensation in order to satisfy the presentment requirement. *Chronis*, 932 F.3d at 547 ("[A] claimant who *neither* makes it clear that she is demanding money from the agency *nor* says how much she is demanding thwarts the settlement process envisioned by the FTCA.").

Ms. White has asserted that she "reported this matter." Dkt 18 ¶ 5 ("I reported these matters to the facility after asking Dr. Kim why he prescribed Penicillin to me . . . ."); *id.* ¶ 6 ("After reporting this matter repeatedly, then, in major ways to no avail, I feel ignored and invalidated by the system."); dkt. 21 at 1 ("I reported this matter within days of its occurrence to the institution. Then within months to the legal institution."). She has not specified whom she

5

reported her lawsuit to, and the FTCA requires that she file a claim "to the appropriate Federal agency." 28 U.S.C. § 2675(a). She also does not allege that she "demanded money from the agency" or requested a "sum certain." *Chronis*, 932 F.3d at 547. Without more information that is not available at this stage, the Court cannot determine if Ms. White satisfied the "presentment requirement" under *Chronis*. 932 F.3d at 547.

The United States has filed a declaration from a Department of Health and Human Services employee stating that she searched agency records and found that Ms. White has never filed an administrative tort claim related to her treatment by Dr. Kim. Dkt. 8-1. While courts generally may not consider material outside of the pleadings when deciding a motion to dismiss, courts are "entitled to take judicial notice of matters in the public record." *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003). Citing *Palay*, the United States argues that the Court should take judicial notice of the fact that the search of HHS records did not reveal a claim filed by Ms. White. Dkt. 9 at 2–3. But unlike in *Palay*, here the government has submitted a sworn witness statement summarizing database searches, rather than a copy of a public record. Dkt. 8-1. Moreover, the pleadings and declaration do not explain the relationship between HealthNet, Inc. and Southeast Health Center. The Court declines to consider the declaration at this stage of the proceedings.

In sum, Ms. White has disputed the United States' argument that she failed to exhaust her administrative remedies. She states that she reported the conduct giving rise to her lawsuit in her complaint, dkt. 6, and in response to

6

the motion to dismiss, dkt. 18 ¶¶ 5–6; dkt. 21 at 1.  Giving Ms. White's filings the liberal construction she is entitled to as a *pro se* litigant, *see Eagan v. Dempsey*, 987 F.3d 667, 689 (7th Cir. 2021), it is possible that she satisfied the FTCA's exhaustion requirements when she reported the matter.  Making that determination requires evidence that is unavailable at the pleading stage.  As a result, the United States' motion to dismiss is **denied.**  The United States may, however, file a motion for summary judgment limited to the exhaustion-defense.  If that motion is denied, the United States would be permitted to file another motion for summary judgment on the merits.

## IV.
## Conclusion

The United States' motion to dismiss is **DENIED.**  Dkt. [8].

**SO ORDERED.**

Date: 3/15/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRENDA L WHITE
4141 N. Ridgeview Drive
Indianapolis, IN 46226

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov