UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA L WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-01833-JPH-MKK ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Brenda White filed this lawsuit against Dr. Peter Kim and Southeast Health Center. The complaint states that Dr. Kim inappropriately touched Ms. White and provided negligent medical care that caused her to have an allergic reaction. The United States, substituted as the sole Defendant, has filed a motion for summary judgment, arguing that Ms. White failed to exhaust her administrative remedies. Dkt. [43]. For the reasons below, that motion is **GRANTED**.

**I.
Facts and Background**

Because Defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Ms. White claims that Dr. Peter Kim prescribed her penicillin even though he knew she was allergic. Dkt. 46-1 at 8; dkt. 43-4 at 15 (White Dep.

1

at 29:13–14).  She took the drug, which gave her "intense itching" and "redness on [her] forearms and [her] thighs, and later all over."  Dkt. 46-1 at 8.  At a follow-up appointment, Dr. Kim stated that "sometimes people are allergic younger and later are not."  *Id.*  She says that, if she were asked, she would have rejected the penicillin.  *Id.*  She also claims that, at a later appointment, Dr. Kim "stroked [her] breast."  Dkt. 43-4 at 30 (White Dep. at 57:10–11).

Dr. Kim is an employee of HealthNet, an entity that operates several healthcare facilities, including the HealthNet Southeast Health & Dental Center.  Dkt. 43-1 at 2 (Datta Decl. ¶ 6–7).  At all relevant times, HealthNet was an "employee" of the U.S. Public Health Service.  *Id.* at 1–2 (Datta Decl. ¶ 4).

Ms. White had a verbal conversation with Dr. Kim regarding these issues, but she never submitted a written complaint to him.  Dkt. 43-4 at 24–25 (White Dep. at 38:20–39:5).  Then she called Southeast and spoke to a representative, but, again, didn't lodge a written complaint with them.  *Id.* at 25 (White Dep. at 39:16–18).  Finally, Ms. White sent a written complaint to the Indiana State Department of Health.  *Id.* at 15–16 (White Dep. at 29:4–30:3).

Almost two years later, Ms. White filed this lawsuit against Dr. Kim and Southeast Health Center in Marion County Superior Court.  Dkt. 1.  Defendants removed the case to this Court under 42 U.S.C. § 233(c).  Dkt. 5.  The United States then filed a notice of substitution to replace Dr. Kim and

Southeast Health Center under 42 U.S.C. § 233(a), which was granted. Dkts. 7, 11.[1]

After this case was removed, Ms. White completed a written tort claim form to the U.S. Department of Health and Human Services (HHS), which was denied as untimely. Dkt 43-4 at 32–33 (White Dep. at 59:18–60:8); dkt. 43-1 at 3 (Datta Decl. ¶ 9).

The United States filed a motion to dismiss under Rule 12(b)(6), arguing that Ms. White failed to exhaust her administrative remedies as required by the FTCA. Dkt. 9. The Court denied that motion because determining whether Ms. White had exhausted her administrative remedies required considering evidence unavailable at the pleading stage. Dkt. 23 at 7. Soon thereafter, Ms. White filed a motion for summary judgment, dkt. 26, which was stayed pending resolution of the exhaustion issue, dkt. 33. Now, the United States has filed a motion for summary judgment limited to the exhaustion defense. Dkt. 43.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] This is the fourth lawsuit that Ms. White has filed in this Court alleging misconduct by Southeast and/or Dr. Kim. *See White v. Kim*, 1:19-cv-3068-RLY-MJD (S.D. Ind. July 23, 2019); *White v. Southeast Health Center et al.*, 1:20-cv-972-JPH-TAB (S.D. Ind. Mar. 18, 2020); *White v. Kim et al.*, 1:20-cv-3013 (S.D. Ind. Nov. 16, 2020). These cases are but a sampling of Ms. White's 22 cases filed in this Court since July 2019, all of which have been dismissed. This conduct has landed Ms. White on the District's restricted filers list, prohibiting her from filing new lawsuits in this Court. *See In re Brenda L. White*, 1:22-mc-18-TWP (S.D. Ind. Mar. 1, 2022), dkt. 1 (noting that this suit is one of two active cases at time of restriction).

judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

## III.
## Analysis

"The FTCA makes the United States liable for the torts of its employees 'in the same manner and to the same extent as a private individual under like circumstances.'" *Love v. United States*, 17 F.4th 753, 755 (7th Cir. 2021) (quoting 28 U.S.C. § 2674). Under the FTCA, a tort action cannot be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675. If a litigant fails to exhaust her administrative remedies prior to filing suit against the United States, the suit must be dismissed. *McNeil v. United States*, 508 U.S. 106, 112–13 (1993) (affirming dismissal of lawsuit against the Public Health Service because lawsuit was filed four months before denial of administrative claim).

4

Here, Southeast and Dr. Kim are employees of the U.S. Public Health Service, an agency of the Department of Health and Human Services. Dkt. 43-1 at 1–2 (Datta Decl. ¶¶ 4, 7); dkt. 43-1 at 6. Therefore, Ms. White must have presented her tort claims against them to the appropriate federal agency—here, HHS—before filing this case and waited for an official denial of the claim. *See* 28 U.S.C. § 2675. The United States argues that Ms. White's lawsuit should be dismissed because she filed this suit before HHS issued a decision denying her claim. Dkt. 44 at 5–8. Ms. White did not directly address the exhaustion defense, instead responding with an array of court filings, medical records, and documents. Dkts. 46, 46-1.

The undisputed evidence shows that Ms. White filed her lawsuit over seven months before HHS received her tort claim. *See* dkt. 6 at 1 (showing that the lawsuit was filed on April 8, 2021); dkt. 43-1 at 2–3 (Datta Decl. ¶ 8) (stating that HHS received Ms. White's tort claim on November 17, 2021); *id.* at 8 (Datta Decl. Ex. 3) (same). Exhaustion, however, must be completed before the lawsuit is filed. *See McNeil*, 508 U.S. at 113. Additionally, Ms. White's grievances to her insurance company and the Indiana State Department of Health do not suffice, *see* dkt. 46-1 at 7–8, since tort claims must be presented to the appropriate federal agency—HHS—before filing suit. See 28 U.S.C. § 2675. Since Ms. White has not exhausted her administrative remedies, the United States' motion is **GRANTED**.

# IV.
# Conclusion

The United States' motion for summary judgment is **GRANTED**. Dkt. [43]. Ms. White's motion for summary judgment on the merits, dkt. [26], is **DENIED** because Ms. White did not exhaust her administrative remedies. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 2/15/2023

                                            *James Patrick Hanlon*
                                            James Patrick Hanlon
                                            United States District Judge
                                            Southern District of Indiana

Distribution:

BRENDA L WHITE
4141 N. Ridgeview Drive
Indianapolis, IN 46226

All Electronically Registered Counsel